## 11465

### STATE v. BAGWELL

(122 S. E., 513)

1. CRIMINAL LAW—REFUSAL OF MOTION FOR SEVERANCE NOT ABUSE OF COURT'S DISCRETION.—In a prosecution for manufacturing and storing whiskey, a refusal of defendant's motion for a severance, on the ground that the other two defendants did not appear, *held* not an abuse of discretion.

2. CRIMINAL LAW—DESTRUCTION OF ANOTHER STILL IN NEIGHBORHOOD AND PURCHASE OF SUGAR HELD ADMISSIBLE.—In a prosecution for manufacturing and storing whiskey, evidence of the destruction of another still in the same neighborhood, previous to the time mentioned in the indictment, and the purchase of sugar subsequent to that time, *held* admissible as tending to show carrying on of business.

3. CRIMINAL LAW—ALLOWING STATE TO SHOW THAT DEFENDANT PAID FOR SUGAR WITH CHECK MARKED "NO GOOD" NOT ERROR.—In a prosecution for manufacturing and storing whiskey, allowing the State to prove that the check with which defendant paid for sugar was returned marked "no good" *held* not error.

4. CRIMINAL LAW—COURT'S STATEMENT IN RESPONSE TO JUROR'S QUESTION HELD NOT ERROR.—The Court's statement, in response to a juror's question, that the State could show anything prior to the indictment, *held* not error, as it is manifest that the word "anything" means anything relevant.

Before JOHNSON, J., Laurens, October, 1923. Affirmed.

J. D. Bagwell was convicted of manufacturing and storing whiskey, and he appeals.

*Mr. O. L. Long,* for appellant, cites: *Admission of testimony:* 37 S. E., 933; Jones on Evidence, 162, Par. 143; 118 S. E., 807.

*Mr. H. S. Blackwell, Solicitor,* for the State.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The following statement appears in the case:

"The defendants were tried on October 1, 1923. They were charged in the indictment with manu-

facturing and storing whiskey on the 28th day of April, 1923. The two defendants, Allen Pyles and Earl Gilliam, were absent. Mr. Long made a motion for a severance of the indictment, which was refused by the Court. He then entered his appearance for all three of the defendants. The jury returned a verdict of guilty of manufacturing whiskey, and recommended the defendants to the mercy of the Court. The defendant, J. D. Bagwell, was sentenced to serve twelve months on the chain gang of Laurens County or a like period in the State penitentiary, and to pay a fine of $1,000.00, all of which was suspended upon service of six months' until he should again be found guilty of a violation of the prohibition law. Sealed sentences were entered for the other two defendants. In due time the defendants served their notice of intention to appeal.

"After the jury was drawn by the Clerk, and before they were sworn, Mr. Long made the following motion:

"Mr. Long: I wish to make a motion at this time for a ·severance of these parties on the ground that my client, Mr. Bagwell, is indicted with two negroes who are not here.. On account of them not being here I think the rights of Mr. Bagwell could be better protected by him being tried apart from the others.

"Mr. Blackwell: I desire to try them together.

"The Court: I don't think it would prejudice his rights to be tried together; if anything, he might be benefited by being tried together. I refuse the motion."

I. The first allegation of error is the refusal of the trial Judge to grant the motion for a severance. The appellant concedes that the motion was within the discretion of the trial Judge, and it does not appear that there was an abuse of that discretion.

II. The next assignment of error is that the State was allowed, over the appellant's objection, to prove the destruction of another still in the same neighborhood, previous to the time mentioned in this indictment,

and the purchase of 800 pounds of sugar subsequent to the time mentioned in the indictment.

In *State v. Lyle* (S. C.), 118 S. E., 807, we find:

"Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial. Wharton on Crim. Ev. (9th Ed.), 48; Underhill on Ev., § 58; Abbott's Trial Brief, Crim. Trials, § 598."

The evidence tended to show that a still on adjacent lands had been destroyed not long before the still in question had been discovered, and part of the brick in this still had been taken from the other still. The appellant lived upon the land upon which the still was found, but did not take his meals there. One of the ingredients of the mash was sugar. These were circumstances from which the jury might have inferred that the appellant was guilty of carrying on the business of manufacturing whiskey.

III. The appellant complains that the State was allowed to prove that the check with which the appellant paid for the sugar was returned marked "no good," in that it tended to prove a separate and distinct crime. The mere return of a check marked "no good" does not prove that a crime has been committed. The appellant had the opportunity to explain all of these things, but did not.

IV. The last exception is:

"Seventh. It is respectfully submitted that the presiding Judge erred, when asked by a juror if the evidence concerning the sugar transaction was competent, and he replied that 'the State could show anything prior to

the finding of the indictment'; the error being that said instruction does not contain a correct proposition of law."

"No, sir." Taking all that was said, it is manifest that the word "anything" means anything relevant, and was not misleading.

The judgment is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.